# EXHIBIT A

The under........ does hereby certify
that this instrument is a true and
correct copy of the origi.....
Riverway Title

By...................

## NOTE
### (Real Estate Term Loan)

Houston, Texas

$3,200,000.00                                          December 14, 2018

FOR VALUE RECEIVED, 3000 SMITH, LTD., a Texas limited partnership (together with permitted successors, herein collectively called "Maker"), promises to pay to the order of WOODFOREST NATIONAL BANK ("Payee"), at Woodforest National Bank – Loan Operations, P.O. Box 7889, The Woodlands, Texas 77387-7889, Attention: Loan Administration, in immediately available funds and in lawful money of the United States of America, the principal sum of THREE MILLION TWO HUNDRED THOUSAND and 00/100 Dollars ($3,200,000.00) (or the unpaid balance of all principal advanced against this note, if that amount is less), together with interest on the unpaid principal balance of this note from time to time outstanding at the rate or rates provided in that certain Credit Agreement (as amended, supplemented, restated or replaced from time to time, the "Credit Agreement") of even date herewith between Maker and Payee; provided, that for the full term of this note the interest rate produced by the aggregate of all sums paid or agreed to be paid to the holder of this note for the use, forbearance or detention of the debt evidenced hereby shall not exceed the Ceiling Rate. Any term defined in the Credit Agreement which is used in this note and which is not otherwise defined in this note shall have the meaning ascribed to it in the Credit Agreement.

1.       Credit Agreement; Advances; Security.  This note has been issued pursuant to the terms of the Credit Agreement, and is one of the Notes referred to in the Credit Agreement. Advances against this note by Payee or other holder hereof shall be governed by the terms and provisions of the Credit Agreement. Reference is hereby made to the Credit Agreement for all purposes. Payee is entitled to the benefits of and security provided for in the Credit Agreement. The unpaid principal balance of this note at any time shall be the total of all amounts lent or advanced against this note less the amount of all payments and prepayments made on this note and by or for the account of Maker. All loans and advances and all payments and prepayments made hereon may be endorsed by the holder of this note on a schedule which may be attached hereto (and thereby made a part hereof for all purposes) or otherwise recorded in the holder's records; provided, that any failure to make notation of (a) any advance shall not cancel, limit or otherwise affect Maker's obligations or any holder's rights with respect to that advance, or (b) any payment or prepayment of principal shall not cancel, limit or otherwise affect Maker's entitlement to credit for that payment as of the date received by the holder.

2.       Mandatory Payments of Principal and Interest.

(a)       Accrued and unpaid interest on the unpaid principal balance of this note shall be due and payable as provided in the Credit Agreement.

(b)       Section 2.09(a) of the Credit Agreement provides for periodic installments of principal which shall be due and payable on this note. On the Real Estate Term Loan Maturity

EXHIBIT
A

Date, the entire unpaid principal balance of this note and all accrued and unpaid interest on the unpaid principal balance of this note shall be finally due and payable.

(c)     All payments hereon made pursuant to this Section 2 shall be applied first to accrued interest, the balance to principal.

(d)     If any payment provided for in this note shall become due on a day other than a Business Day, such payment may be made on the next succeeding Business Day (unless the result of such extension of time would be to extend the date for such payment into another calendar month or beyond the Real Estate Term Loan Maturity Date, and in either such event such payment shall be made on the Business Day immediately preceding the day on which such payment would otherwise have been due), and such extension of time shall in such case be included in the computation of interest on this note.

(e)     The Credit Agreement provides for required prepayments of the indebtedness evidenced hereby upon terms and conditions specified therein.

3.     Default.  The Credit Agreement provides for the acceleration of the maturity of this note and other rights and remedies upon the occurrence of certain events specified therein.

4.     Waivers by Maker and Others.  Except to the extent, if any, that notice of default is expressly required herein or in any of the other Loan Documents or by applicable law which cannot be waived, Maker and any and all co-makers, endorsers, guarantors and sureties severally waive notice (including, but not limited to, notice of intent to accelerate and notice of acceleration, notice of protest and notice of dishonor), demand, presentment for payment, protest, diligence in collecting and the filing of suit for the purpose of fixing liability and consent that the time of payment hereof may be extended and re-extended from time to time without notice to any of them. Each such person agrees that his, her or its liability on or with respect to this note shall not be affected by any release of or change in any guaranty or security at any time existing or by any failure to perfect or to maintain perfection of any lien against or security interest in any such security or the partial or complete unenforceability of any guaranty or other surety obligation, in each case in whole or in part, with or without notice and before or after maturity.

5.     Paragraph Headings.  Paragraph headings appearing in this note are for convenient reference only and shall not be used to interpret or limit the meaning of any provision of this note.

6.     Choice of Law.  **THIS NOTE SHALL BE GOVERNED BY AND CON-STRUED IN ACCORDANCE WITH THE APPLICABLE LAWS OF THE STATE OF TEXAS AND THE UNITED STATES OF AMERICA FROM TIME TO TIME IN EFFECT (WITHOUT GIVING EFFECT TO PRINCIPLES OF CHOICE OF LAW).**

7.     Successors and Assigns.  This note and all the covenants and agreements contained herein shall be binding upon, and shall inure to the benefit of, the respective legal representatives, heirs, successors and assigns of Maker and Payee.

8.     Records of Payments.  The records of Payee shall be prima facie evidence of the amounts owing on this note.

9.     Severability.  If any provision of this note is held to be illegal, invalid or unenforceable under present or future laws, the legality, validity and enforceability of the remaining provisions of this note shall not be affected thereby, and this note shall be liberally construed so as to carry out the intent of the parties to it.

10.     Business Loans.  Maker warrants and represents to Payee and all other holders of this note that all loans evidenced by this note are and will be for business, commercial, investment or other similar purpose and not primarily for personal, family, household or agricultural use, as such terms are used in the Texas Finance Code.

11.     Interest Rate Limitation.  The provisions of Section 8.12 of the Credit Agreement are incorporated by reference as though fully set forth herein.

*[Signature Page Follows]*

**3000 SMITH, LTD.,**
a Texas limited partnership

By:    3000 Smith GP, Inc.,
       a Texas corporation,
       its general partner

By: _____

Name: Charles L. Fridge III

Title: _CEO_ _____

[Signature Page to Note (Real Estate Term Loans)]