IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Case No. 25-31240 |
| 3000 Smith, Ltd., § | |
| § | Chapter 11 |
| Debtor § | |

## CHAPTER 11 STATUS REPORT

1. The efforts Debtor has undertaken and will undertake to attain a consensual reorganization plan.

The Debtor has not had an opportunity to address issues on a consensual plan at this time. The case was filed on March 4, 2025. The Debtor intends to work towards a consensual plan soon.

2. Any complications the debtor anticipates in promptly proposing and confirming a plan, including any need for discovery, valuation, motion practice, claim adjudication, or adversary proceeding litigation.

At this time, the Debtor is not aware of any significant issues that may adversely affect confirmation of the plan. As of the date of this report, only the taxing authorities have filed proof of claims.

3. An outline of the proposed plan.

The Debtor plans to propose a plan that allows the sale of the Property.

4. A description of the nature of the debtor's business or occupation, the primary place of business, the number of locations from which it operates, and the number of employees or independent contractors it utilizes in its normal business operations and the goals of the reorganization plan.

The Debtor is a limited partnership that owns a commercial office building at 3000 Smith St in Houston, Texas (the "Property"). The Property is approximately 10,000 square feet of office space. The Debtor plans to propose a plan that allows the sale of the Property.

5. Any motions the debtor contemplates filing or expects to file before confirmation.

Debtor may file a motion to employ a real estate broker, use of cash collateral, application to employ an accountant, application to employ an appraiser, and possibly other motions.

6. Any objections to any claims or interests the debtor expects to file before confirmation and any potential need to estimate claims for voting purposes.

Debtor may have issues with claims of additional lien holders. Debtor may obtain an appraisal.

7. The business, financial, and other problems that prompted the filing of this case.

Debtor's principal asset was posted for foreclosure sale on March 4, 2025. Debtor filed the bankruptcy to stop the foreclosure and reorganize the Debtor. Debtor intends to proposed a plan that allows for the sale of the Property.

8. Attendance at a meeting of creditors pursuant to 11 U.S.C. § 341(a).

Debtor attended the meeting of creditors pursuant to 11 U.S.C. § 341(a) on April 7, 2025. The meeting was concluded.

9. Estate's need for professionals (e.g., attorneys, accountants, brokers, etc.).

Debtor has filed an application to employ counsel and the application has been approved. Debtor may seek to employ an accountant, appraiser, and possibly others

10. Whether the debtor is current on the filling of all required tax returns.

Debtor has not filed its 2024 partnership return. The IRS has filed an estimated claim for $543.

11. Unique issues concerning secured debt, employees, cash collateral, executory contracts, and existing management.

    Debtor is a limited partnership. Charles Fridge owns the general partner and the limited partnership interests.

12. Post-petition operations and revenue.

At this time, the Debtor does not have tenants or rental income. The Debtor anticipates selling or leasing the property soon.

13. Status of any litigation pending in or outside this Court.

The limited partner of the Debtor and sole stockholder of the general partner of the Debtor is a party to a divorce proceeding styled *In re Marriage of Charles Fridge and Danielle Fridge* pending in the 245th Judicial District Court of Harris County, Texas.

14. Compliance with requests for information from the United States Trustee including, but not limited to, requests made in the Initial Debtor Interview.

The Debtor intends to fully comply with requests for information from the U.S. Trustee.

15. Type and adequacy of insurance coverage.

Debtor has commercial general liability and hazard insurance on the Property. Debtor has provided insurance information to the first lienholder.

16. Debtor-In-Possession Bank Account.

Debtor anticipates having a DIP account at Plains Capital Bank.

17. Any other matters that might materially affect the administration of this case.

None known at this time.

Dated: April 17, 2025

Respectfully submitted,

*/s/ Reese W. Baker*
Reese W. Baker
Baker & Associates
TX Bar No. 01587700
Nikie Marie López-Pagán
TX Bar No. 24090233
950 Echo Lane, Suite 300
Houston, Texas 77024
(713) 979-2279
(713) 869-9100 fax
Email: courtdocs@bakerassociates.net
ATTORNEYS FOR DEBTOR

## **CERTIFICATE OF SERVICE**

I certify that on or about April 17, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Reese W. Baker*
Reese W. Baker